**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 16 C 50041 |
| | ) | |
| v. | ) | |
| | ) | Judge Philip G. Reinhard |
| Albert Edwards, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the following reasons, defendant's motion to recuse [13] is denied and his motion for a stay [13] is denied.

## STATEMENT

The court has received defendant's motion for the court to recuse itself in this matter. See [13]. In the motion, defendant argues that it is clear that the court has "shown a blatant bias" against him with the "malicious intent to deny petitioner the right and opportunity to present a genuine Johnson claim." [13] at 3. Defendant's basis for this is language in the court's April 19, 2016 order [12] allowing the FDP to withdraw and affording defendant additional time to respond to the court's show cause order. In its order, the court stated that defendant was sentenced as a career offender because he had been convicted of two prior Arkansas convictions for controlled substance offenses, not based on convictions for crimes of violence. As defendant points out, by referring to two Arkansas convictions and omitting his crime of violence, the court in the April 19, 2016 order misstated his relevant criminal record, which consists of one 1993 Arkansas conviction for conspiracy to deliver cocaine, classified as a controlled substance offense, one 1989 Oklahoma conviction for distribution of a controlled substance, classified as a controlled substance offense, and one 1988 Illinois felony mob action conviction, classified as a crime of violence. However, defendant acknowledges that the court's February 24, 2016 show cause order [3] correctly states that he was classified as a career offender because he had two prior convictions for a controlled substance offense, as well as one prior conviction for a crime of violence. The February 24, 2016 order directs defendant to show cause why this matter should not be dismissed given that the two controlled substance offense convictions were sufficient for him to be classified as a career offender under USSG § 4B1.1. The show cause order, which defendant agrees accurately states his criminal record, is what defendant has been ordered to respond to by May 19, 2016.

28 U.S.C. § 455(a) governs the standards for recusal. As the Seventh Circuit has held, "Section 455(a) requires recusal if the judge's impartiality might reasonably be questioned by a well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person." *O'Regan v. Arbitration Forums, Inc.*, 246 F.3d 975, 988 (7th Cir. 2001) (internal quotations omitted). "The general presumption is that judges rise above any potential biasing influences." *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001). Where "[t]here was no showing of a personal motive or a discriminatory prejudice on the judge's part[,]" recusal is improper. Defendant argues that the court's language in its April 19, 2016 order was an attempt by the court to "[take] it upon itself to intentionally block petitioner from showing facts as to how the Career Offender enhancement can no longer apply." [13] at 2. To the contrary, defendant has not been restricted from raising any matters that are responsive to the court's February 24, 2016 show cause order. Because defendant has shown no reason why the court's "impartiality might reasonably be questioned by a well-informed, thoughtful observer," his motion for recusal [13] is denied.

Defendant also states that he will attempt to appeal the denial of his recusal order and seeks to stay the proceedings on the court's show cause order. However, as the Seventh Circuit has held, "an order concluding that recusal is not warranted under 28 U.S.C. § 455(a) is not an interlocutory order appealable as of right under 28 U.S.C. § 1292(a)." *Hopkins v. Springfield Housing Authority*, 485 F. App'x. 137, 140 (7th Cir. 2012). As such, the motion to stay [13] is denied. The court's briefing schedule for the show cause order will remain unchanged.

Date: 5/02/2016　　　　　　　　　　ENTER:

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Philip G. Reinhard*
　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

　　　　　　　　　　　　　　　　　　　　　　　　　　　Notices mailed by Judicial Staff. (LC)